United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URANIA MARIA LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>FIRST MANGUS FINANCIAL, et al.,<br><br>Defendants. | Case No. 15-cv-00933-RMW<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

Plaintiff Urania Maria Lopez moves for a temporary restraining order pursuant to Fed. R. Civ. P. 65(b) directing defendants to cease and desist from foreclosing upon the property located at 21 Boling Road, Watsonville, CA 95076. Dkt. No. 2. Plaintiff also seeks an order for defendants to appear and show cause why the court should not issue a preliminary injunction against all further foreclosure activity by defendants on the subject property. *Id*.

Upon consideration of plaintiff Urania Maria Lopez's *ex parte* application for a temporary restraining order and order to show cause, the court, having reviewed the complaint, pleadings, moving papers, and declarations submitted by plaintiff, and defendants' opposition papers makes the following preliminary findings:

1. The plaintiff is likely to succeed in demonstrating that defendant Quality Loan Servicing on behalf of Select Portfolio Servicing ("SPS") informed plaintiff on

ORDER GRANTING TRO
15-cv-00933-RMW                                                        1

United States District Court
Northern District of California

1    December 24, 2014 that the planned foreclosure sale set for March 2, 2015 would

2    be put on hold pending the outcome of plaintiff's state court litigation against

3    defendants, and that despite this assurance, she was recently informed on February

4    26, 2015 that defendant SPS unilaterally lifted the hold Quality Loan Servicing had

5    placed on the foreclosure sale, and that the sale would proceed as scheduled. Dkt.

6    No. 2, at 2, 4. Plaintiff's complaint seeks injunctive relief and damages for

7    defendants' alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

8    1692, *et seq*., and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code

9    § 1788, *et seq*., and includes claims for Wrongful Foreclosure and Quiet Title. Dkt.

10   No. 1. Plaintiff alleges in her complaint that the party seeking to enforce the subject

11   loan (CWALT-Trust) failed to comply with a pooling and service agreement,

12   which deprived CWALT-Trust of standing to enforce the subject loan. Dkt. No. 1,

13   ¶¶ 26-36. Based on its review of the complaint, the court is not convinced that

14   plaintiff has standing to enforce the pooling and service agreement, as she was not

15   a party to the contract. Nevertheless, the court finds that plaintiff may have

16   standing to challenge the foreclosure sale based on the alleged representations by

17   Quality Loan Servicing that the sale would be postponed pending the outcome of

18   plaintiff's state court action.

19   2.  An immediate and irreparable harm will occur to plaintiff as a result of the planned

20       foreclosure sale of the subject property given Quality Loan Servicing's

21       representation and SPS's subsequent unilateral decision to foreclose on the subject

22       property; SPS will suffer little harm from the delay of the sale from the date of this

23       order and the hearing on plaintiff's application for a preliminary injunction;

24   3.  The harm to the plaintiff outweighs the harm to the legitimate interest of defendants

25       resulting from the granting the application; and

26

27

28   ORDER GRANTING TRO
     15-cv-00933-RMW                    2

4.  As the foreclosure sale's scheduled date has past,[1] the court's decision on

plaintiff's TRO application is unusually time-sensitive, and therefore this order is

issued without advance notice beyond that which has been given to defendants.

Application having been made, and the court having made the above preliminary findings,

the court enters the following order pursuant to Fed. R. Civ. P. 65(b).

## TEMPORARY RESTRAINING ORDER

It is ORDERED, ADJUDGED, and DECREED that, pending a hearing on plaintiff's order

to show cause regarding a preliminary injunction, plaintiff's application for a temporary

restraining order is hereby GRANTED as follows:

Defendants shall immediately postpone the foreclosure sale which was set for March 2,

2015, at 1:30 p.m. at 168 W. Alisal Street, Salinas, CA 93901, if such sale has not already taken

place.

It is FURTHER ORDERED that the Temporary Restraining Order shall remain in effect

until the date for hearing on the Order to Show Cause set forth below, or such further date set by

the court, unless defendants stipulate to or have not objected to the entry of a preliminary

injunction. This Temporary Restraining Order is effective immediately upon plaintiff's filing with

the court security in the amount of $5,000 to cover SRS's costs and damages if it is later found to

have been wrongfully enjoined or restrained. *See* Fed. R. Civ. P. 56(c).

## ORDER TO SHOW CAUSE

It is FURTHER ORDERED that plaintiff's application for an order to show cause

regarding a preliminary injunction is hereby GRANTED as follows.

1.  Defendants shall show cause before this court on March 13, 2015 at 9:00 a.m. why

an order should not be entered granting plaintiff a preliminary injunction pursuant

to Fed. R. Civ. P. 65. In particular, the parties should be prepared to discuss at the

hearing the court's concerns regarding: (1) whether plaintiff has standing to

---

[1] If the sale has already occurred, the application for a TRO is moot.

ORDER GRANTING TRO
15-cv-00933-RMW                    3

*United States District Court*
*Northern District of California*

<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

1   challenge the foreclosure sale; and (2) why plaintiff decided to forego her state

2   court litigation in Monterey. The parties should each also be prepared to show what

3   is owed on the subject loan and plaintiff should be prepared to show the factual

4   basis for her failure to pay the amount owing.

5      2.  Plaintiff must serve its moving papers and this order on defendants on or before

6         12:00 noon on March 5, 2015.

7      3.  Defendants opposition papers regarding the order to show cause, if any, shall be

8         filed with the Clerk of Court and personally served or delivered by Federal Express

9         (or other overnight delivery) upon the attorney for plaintiff by delivering copies

10        thereof to the Law Office of Gilbert E. Maines, located at 1320 Crooked Mile

11        Court, Placerville, California, 95667, fax (520) 626-3562, on or before 12:00 noon,

12        March 10, 2015; and

13     4.  Plaintiff's reply papers regarding the preliminary injunction, if any, shall be filed

14        with the Clerk of the Court and personally served or delivered by Federal Express

15        (or other overnight delivery) on defendants' counsel, to be received on or before

16        12:00 noon, March 12, 2015.

17  **IT IS SO ORDERED**.

18  Dated: 5:00 p.m., March 3, 2015

19  _Ronald M. Whyte_

20  Ronald M. Whyte
    United States District Judge

21

22

23

24

25

26

27

28  ORDER GRANTING TRO
    15-cv-00933-RMW             4